SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. BOCKELMAN, OSB #105934**
Assistant United States Attorney
Nicole.Bockelman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-CR-00012-IM |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| BERNARD EARL MORGAN, | |
| **Defendant.** | |

### INTRODUCTION

Police found defendant in possession of a firearm after defendant lied and told them he had no connection to a jacket containing a firearm that police saw defendant wearing.  After defendant admitted to possessing the firearm and acknowledging that he is a felon, defendant told police that he had not done anything wrong and that he would continue to possess firearms.

The facts of the instant offense combined with defendant's criminal history and failure on prior terms of supervision support the parties' joint recommendation of 24 months prison

**Government's Sentencing Memorandum**                                                    **Page 1**

followed by three years of supervised release. It is the government's position that 24 months' imprisonment imposes consequences for defendant's illegal firearm possession; this Court should impose the jointly recommended 24-month prison term.

## FACTUAL BACKGROUND

### A.     The Offense Conduct

On December 11, 2024, officers with the Portland Police Bureau patrolled a high-vice area located at NE Sandy Boulevard and NE Prescott Street in Portland, Oregon at 11:38 p.m. Officers conducted a license plate and registration check of a vehicle driving with expired registration.  The officers initiated a traffic stop based on the expired registration, and one officer contacted the driver, S1, while a second officer contacted defendant, the front seat passenger.

Defendant was not wearing a seat belt and did not initially acknowledge the officer who attempted to contact him.  Officers directed defendant to lower his window and to provide his identification due to his failure to wear his seatbelt.  Defendant told the officers that he did not have his driver's license but told them his name.  While one officer left to check defendant's name in the law enforcement database, the officer that remained at the vehicle and watched as defendant removed his jacket.

The officer's check of defendant's name revealed that defendant had an arrest warrant for his arrest for a parole violation.  Upon returning to the vehicle, the officer that ran defendant's name in the database informed defendant that he had an arrest warrant and that the officers were going to place defendant under arrest.  The officers placed defendant under arrest and placed him in the patrol car.  When law enforcement returned to the vehicle where defendant was placed under arrest to collect his jacket, the officer felt an object that had the weight and shape of a firearm.  Officers found a loaded Shadow System CR920 pistol inside the jacket.

**Government's Sentencing Memorandum**                                                    **Page 2**



Officers found a fanny pack between defendant and the center console and searched the bag. The search of the fanny pack revealed $658 in cash, 79.6 gross grams of fentanyl, 6.6 grams of methamphetamine and 2.1 gross grams of heroin.

Officers read defendant his *Miranda* rights, and defendant agreed to speak with law enforcement. Post *Miranda,* defendant initially denied that the jacket belonged to him. When officers explained they saw defendant wearing the jacket and watched him take off the jacket, defendant asked the officers if they knew where they were and how dangerous the neighborhood was. One of the officers told defendant that defendant is a felon and prohibited from possessing guns. Defendant responded by telling the officers that defendant was in the military, and if defendant could carry a gun to fight wars, defendant could carry a gun. Defendant told police he will continue to carry a gun because he did not care and said that he did not do anything wrong.

**B. The Charge**

On February 18, 2026, defendant pleaded guilty to the single-count indictment, which charged that on or about December 11, 2024, in the District of Oregon, defendant having knowingly been convicted of a crime punishable by imprisonment for a term exceeding one year,

**Government's Sentencing Memorandum**                                                    **Page 3**

specifically: Unlawful Delivery of Heroin, on or about January 29, 2019, in Multnomah County

Superior Court, in violation of ORS 475.850, did knowingly and unlawfully possess a Shadow

System CR920 pistol, which firearm had previously been shipped or transported in interstate or

foreign commerce, in violation of 18 U.S.C. § 922(g)(1). PSR at ¶1.

### C.  Guidelines Calculations

The Pre-Sentence Report (PSR) determined defendant's base level to be 20 under USSG

§ 2K2.1(a)(4)(A), and his total offense level to be 17 after all adjustments. PSR at ¶29.  The

parties have no dispute with PSR calculations but included a 2-level reduction due to defendant's

discussions to resolve his case early and forgo a Motion to Suppress and his willingness to agree

to a joint recommendation under 18 U.S.C. § 3553(a).  Additionally, the parties agreed to a 2-

level reduction under USSG § 5G1.3(b) to account for the time defendant served in state custody

in Multnomah Conty Circuit Court case #22CR21697.

### Felony Criminal History

| Crime | Conviction Date | Jurisdiction | Sentence |
|---|---|---|---|
| Intentional Possession of a Controlled Substance by a Person Not Registered (misdemeanor) (Age 32) | 06/13/2012 | Allegheny County, Pennsylvania | 9 months probation |
| Intentional Possession of a Controlled Substance by a Person not Registered (misdemeanor) (Age 32) | 09/20/2013 | Allegheny County, Pennsylvania | 12 months probation |
| Theft II (misdemeanor) (Age 36) | 04/11/2017 | Clackamas County, Oregon | 12 months probation |
| Possession of Heroin (felony) (Age 37) | 04/11/2017 | Clackamas County, Oregon | 5 days jail; 18 months probation |
| Unlawful Possession of Methamphetamine (felony) | 04/28/2017 | Washington County, Oregon | 5 days jail; 18 months probation |

**Government's Sentencing Memorandum**                                    **Page 4**

| | | | |
|---|---|---|---|
| (Age 37) | | | |
| Unlawful Possession of Heroin (misdemeanor) (Age 37) | 10/17/2017 | Multnomah County, Oregon | 25 days jail |
| Delivery of Heroin (felony) (Age 38) | 01/03/2019 | Multnomah County, Oregon | 2 days jail; 36 months probation |
| Unlawful Possession of Heroin (misdemeanor) (Age 39) | 10/28/2020 | Multnomah County, Oregon | 3 months jail |
| Unauthorized Use of a Vehicle (felony) (Age 42) | 02/25/2025 | Multnomah County, Oregon | 18 months probation |

The total criminal history score for the above criminal history is 12 and one additional point is added because the instant offense was committed while defendant was under a criminal justice sentence; thus, the corresponding Criminal History Category is VI. PSR at ¶ 41-43.

**D. Government's Recommended Sentence**

The parties jointly recommend 24 months prison followed by three years of supervised release. The government makes this recommendation because the risks associated with defendant's behavior and his brazen attitude with police, coupled with his history of noncompliance while on supervision demonstrate that 24 months' imprisonment is appropriate to protect the public.

First, it is important to point out that when police found defendant with a firearm in a vehicle that contained controlled substances, defendant's first reaction was to lie to law enforcement and deny that the firearm belonged to him. It was only after police confronted defendant with the fact that they observed defendant wearing the jacket that contained the gun, that defendant admitted to possessing the firearm. Defendant's second reaction to the police confronting him with the fact that defendant possessed a gun was to double-down and tell law

**Government's Sentencing Memorandum** **Page 5**

enforcement unabashedly that he possessed the gun and that he would continue to possess guns. Defendant demonstrated his knowledge of criminal conduct by acknowledging that he is a felon but told police that if he could carry a gun to fight in a war, he could carry a gun.

Second, at the time that defendant committed the instant offense, he was on probation in Multnomah County Circuit Court case #22CR21697, in which he was convicted of Unauthorized Use of a Vehicle and Criminal Mischief in the First Degree. Defendant has been supervised under a continuous cycle of supervision since 2017, over nine years through multiple different cases. While being supervised in his state cases, the probation office assigned defendant to the enhanced supervision unit, due to his high risk of recidivism and his risk of violating his supervision conditions. Throughout the course of his probation and supervision in his multiple cases, defendant committed 12 violations of supervision, and 9 arrest warrants were issued as a result. Defendant's violations included possession of weapons, failing to report to probation as well as a new crime (the instant case). Defendant has a clear record of failing to comply with the terms and conditions of his supervision and 24 months prison with three years of supervised release is appropriate as a result.

The parties recommend a prison sentence of 24 months imprisonment followed by three years of supervised release because this is a sentence that is sufficient but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States,* 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. §3553(a).

The nature and circumstances of the underlying offense demonstrate to the court that defendant should not be granted any benefit beyond the reductions already provided. Defendant's conduct brazenly explaining that he will continue to possess firearms and his access

**Government's Sentencing Memorandum**                                                    **Page 6**

and control over a firearm in this case demonstrates a disregard for public safety and he should be held accountable for his actions. The jointly recommended 24-month prison term followed by three years' supervised release should be imposed.

### E.  Forfeiture

As part of his plea agreement, defendant agreed to forfeit all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 853 including the Shadow System CR920 pistol as set forth in Count One of the Indictment.

### **CONCLUSION**

Based on the foregoing, the government urges that this Court impose the jointly recommended 24-month prison sentence, followed by three years' supervised release, subject to the standard conditions, plus the special conditions that have been recommended in the PSR, and imposition of a $100 fee assessment.

Dated: June 10, 2026.

Respectfully submitted,

SCOTT BRADFORD
United States Attorney


*/s/ Nicole M. Bockelman*
NICOLE M. BOCKELMAN, OSB #105934
Assistant United States Attorneys